The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
I am writing in response to your request for my opinion on the following two questions, which you have submitted in your capacity as Chair of the Joint Public Transportation Ad Hoc Subcommittee to Review Out-of-State Truck Registration:
 1. Were the Arkansas trucking businesses that chose to register their equipment in Oklahoma through a third-party agent or other method lawfully registered in Oklahoma until the April 12, 2002 Oklahoma district court decision that allowed Oklahoma to begin to enforce its amended rules?
 2. Are the registrations of Arkansas trucking businesses that chose to register their equipment in Oklahoma though a third-party agent or other method valid until they expire?
You summarize the pertinent background giving rise to these questions as follows:
 Oklahoma, as well as all other states in the continental United States, the District of Columbia, and ten Canadian provinces, belongs to the International Registration Plan, Inc. (IRP) for the registration of tractor trucks, semi-trailers, and certain other types of vehicles. Members of the IRP agree to follow IRP-approved rules. In essence, the IRP-approved rules allow for the orderly licensing, registration, and apportionment of registration fees among members.
 For many years, Oklahoma allowed out-of-state trucking businesses to register their equipment in Oklahoma through a third-party agent or other method for a nominal excise tax without levying any Oklahoma sales or use taxes on the equipment, subject to certain rules and limitations. This practice was related to the established place of business rule.
 Other members of the IRP had questioned Oklahoma's practice of registering out-of-state trucking equipment through third-party agents or other methods and challenged Oklahoma's practice before the IRP's Dispute Resolution Committee. Oklahoma was required to submit amended rules that met the approval of the IRP.
 The new Oklahoma rule was challenged in Oklahoma state district court. On April 12, 2002, Judge Daniel Owens ruled from the bench that the State of Oklahoma could begin enforcing its amended rules immediately.
 Unfortunately for the State of Arkansas and other interested states, the Court never requested the prevailing party, the State of Oklahoma, to prepare a precedent consistent with his ruling from the bench, and no party to the matter appealed the decision. According to Marjorie Welch, an attorney with the Oklahoma Tax Commission that was involved in the litigation, the litigants agreed in briefs filed with the Court that the Court's decision should be prospective only.
 Furthermore, according to Marjorie Welch, there has never been a finding by any court or the IRP that the registration of trucking equipment under Oklahoma's earlier rules is invalid. The Oklahoma Tax Commission's current policy is that "cab cards" issued before the enforcement date of the rule are valid until they expire. Oklahoma is allowing expired "cab card" holders to re-register in Oklahoma if they meet the new rule for established place of business, as well as the other new rules.
You further report that a court reporter may have been present during the hearing in which Judge Owens ruled from the bench in the Oklahoma district court action. Apparently, not even court personnel at this point are aware of the style of the case or its case number. Finally, you have supplied me with correspondence to the IRP Chair from the American Trucking Association's General Counsel and Senior Vice President expressing concern about various issues, including the legal significance of the recent assaults on Oklahoma's practice of allowing the registration of out-of-state trucking equipment through third-party agents.
RESPONSE
I must respectfully decline to answer these questions, since (1) answering each would involve conducting a factual inquiry I am unauthorized and unequipped to undertake; (2) although my statutory charge is to advise legislators and other designated officials on the application of Arkansas law, you questions appear to implicate only the application of Oklahoma law, as possibly qualified by federal law and industry regulations; and (3) as a matter of policy, this executive office avoids rendering opinions on matters that have been submitted for judicial resolution, as your questions appear to have been in Oklahoma.
Question 1: Were the Arkansas trucking businesses that chose to registertheir equipment in Oklahoma through a third-party agent or other methodlawfully registered in Oklahoma until the April 12, 2002 Oklahomadistrict court decision that allowed Oklahoma to begin to enforce itsamended rules?
As noted above, I am subject to various restrictions in rendering opinions. First, I am neither authorized nor equipped to act as a finder of fact; rather, I am statutorily charged only to offer various state officials my opinion on matters of Arkansas law. A.C.A. § 25-16-706. Second, as a matter of long-standing policy, this executive-branch office will refrain from rendering opinions on matters that either are, recently have been or appear destined to be subject to judicial resolution.
In the attached Ark. Op. Att'y Gen. No. 2002-170, I addressed at some length the statutory and constitutional issues raised by the practice of "base-plating" and registering in Oklahoma trucking equipment that is actually headquartered in Arkansas. I hope this opinion will be of some assistance to you. Subject to various factual predicates whose satisfaction I indicated only a trier of fact could determine, I opined that the Arkansas Department of Finance and Administration (DF A) could in all likelihood impose sales and use tax on qualifying vehicles headquartered in Arkansas while base-plated and registered in Oklahoma. I further opined that DF A could probably impose these taxes retroactively. Finally, I took care to stress that a number of factual variables might bear on the issue of taxability in each particular case.
Your question raises even more issues of fact than did the request I addressed previously. For instance, I am unaware precisely what was the scope of the Oklahoma district court ruling, which was apparently issued only from the bench in a case so elusive that even its style and case number are currently unknown. You suggest that the ruling had the effect of authorizing Oklahoma to enforce rules it was "required" to adopt by the IRP as one of various otherwise unspecified sanctions. Nothing in the material before me indicates the basis for or the true scope of the IRP's apparent ability to dictate to Oklahoma. I am further unaware what the amended Oklahoma rules provide and whether the Oklahoma district court at any point pronounced on the conditions under which they might apply, including the scope of their prospective or retroactive effect.
Your question suggests that the Oklahoma district court rejected a challenge by an unnamed litigant to Oklahoma's current registration rules. You further imply, without stating outright, that in the course of rejecting this challenge, the court affirmed the propriety of Oklahoma's response to an IRP mandate that the state rewrite rules for registering trucking equipment. Unfortunately, I have no further information regarding the substance of the IRP mandate, Oklahoma's specific response thereto, or the precise terms of the rules at issue. With all respect, this history is simply too vague to allow me to respond in meaningful fashion.
On its face, your question appears to involve primarily the application of Oklahoma law,[1] possibly as qualified by some regulatory authority delegated to the IRP. I do not believe this is the sort of question I am authorized to address. Moreover, as suggested above, the question appears to raise a number of factual issues whose resolution lies beyond the scope of an Attorney General's opinion. Finally, judging from your summary, I strongly suspect that the questions of what equipment was properly registered in Oklahoma and when were squarely before the Oklahoma court, whose adjudication I am not inclined to second-guess. Accordingly, I must respectfully decline to answer your question.
Question 2: Are the registrations of Arkansas trucking businesses thatchose to register their equipment in Oklahoma through a third-party agentor other method valid until they expire?
For the reasons set forth in my response to your first question, I must likewise decline to answer this question. The validity of any Oklahoma registration, whether "through a third-party agent or other method," is a factual question for a court to decide under Oklahoma law and, if applicable, under federal law and IRP regulations. Moreover, based on your summary of the Oklahoma district court ruling, I suspect this issue has already been addressed in an appropriate judicial forum.
Reading between the lines of your request, I gather that there may be some confusion among the Oklahoma parties as to whether the court, in reportedly specifying that its ruling would operate "prospectively," meant "from the date of the order" or "from the time any then issued registrations expired in their ordinary course." I am not situated to determine either what the court intended or whether its ruling, whatever it was, conforms to applicable law.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] By contrast, in Ark. Op. Att'y Gen. No. 2002-170, I focused on Arkansas' taxing authority under its own and federal law over trucking equipment headquartered in Arkansas but base-plated and registered in Oklahoma.